### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **IN RE:** | **:** | **Case No. 25-13554 (DJB)** |
|  | **:** |  |
| **Justin Pham,** | **:** | **Chapter 13** |
|  | **:** |  |
| **Debtor.** | **:** | **Hearing Date: August 6, 2026** |
|  | **:** | **Objection Deadline:** July 19, 2026 |
|  | **:** |  |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS WITH RESPECT TO 12713 ELNORA ROAD, PHILADELPHIA, PA 19154

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and for such other and further relief as is just and proper, to exercise its rights with respect to its claim that is secured by real property located at 12713 Elnora Rd. Philadelphia, PA 19154 (the "Property"), due to the lack of adequate protection of PFFCU's interests and Debtor's failure to make post-petition payments as provided.

### I.    BACKGROUND

1.    PFFCU is the holder of a Note ("Note") executed by Justin Pham (the "Debtor") dated May 13, 2021, whereby the Debtor promised to repay $140,000 plus interest, attached as Exhibit A. To secure the repayment of the Note, the Debtor executed a Mortgage in favor of PFFCU, encumbering the Property commonly known as 12713 Elnora Road, Philadelphia, PA 19154, which Mortgage was recorded in the Official records of Philadelphia County at Doc ID 53847761 (hereinafter "Mortgage"), attached as Exhibit B.

2.    PFFCU filed Proof of Claim #3 for $137,855.46.

1

3.      The Debtor's First Amended Chapter 13 Plan (the "Plan") [D.I. 12] was confirmed on January 29, 2026. [D.I. 18] The Plan provided for the cure of pre-petition arrears to be paid directly to the Trustee and for post-petition payments to be paid directly to PFFCU.

4.      The Debtor's monthly payment is $923.22. The Debtor has failed to make payments since confirmation of the plan. To date, the Debtor remains post-petition due for February 2026, and each subsequent payment thereafter for a total of $4,616.10 plus late fees.

| February 2026 | $923.22 |
|---------------|---------|
| March 2026 | $923.22 |
| April 2026 | $923.22 |
| May 2026 | $923.22 |
| June 2026 | $923.22 |
| July 2026 | $923.22 |

5.      PFFCU reached out to Debtor's counsel regarding the Debtor's failure to make post-petition payments; however, no payments have been received since then. Upon information and belief, the Debtor may be selling the property.

6.      The Trustee filed a Motion to Dismiss for Failure to Make Payments on June 10, 2026.

7.      The Debtor's Schedule A/B states that the fair market value of the property at the petition date was $310,000, which was reduced to a final value of $248,000 based on costs of sale. D.I .1.

2

8.  Pursuant to the Voluntary Petition, the Debtor resides at 3534 Byrne Road, Philadelphia PA 19154, and does not reside at the Property. The Schedules do not reflect income being generated by the Property or that the occupants are dependents of the Debtor as defined by the IRS code.

## II.  CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS

9.  Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

10.  Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Taylor, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

11.  The Debtor is six months in arrears post-petition to PFFCU. The Debtor has not responded to PFFCU's inquiries.

12.  Moreover, the Property is not necessary for reorganization, because he neither occupies nor derives income from the Property.

13.  Additionally, the Debtor fails to comply with the terms of his plan. The Trustee filed a motion to dismiss for failure to make payments. Moreover, the confirmed plan directed the debtor to make post-petition payments, which he has failed to do.

14.  Given that the Debtor is in arrears on his post-petition obligations to PFFCU, PFFCU's interest in the Property is being further impaired and is not adequately protected as required by 11 U.S.C. § 361.

15.  Accordingly, cause exists pursuant to 11 U.S.C. § 362(d) to lift the automatic stay

to allow PFFCU to exercise its rights with respect to the Property so that it may exercise its rights.

### III.   <u>CONCLUSION</u>

16.   Relief from the automatic stay, as set forth above, is warranted because PFFCU is not adequately protected as a result of the Debtor's failure to make post-petition payments sufficient to satisfy his home equity obligations to PFFCU.

17.   Movant respectfully requests reasonable attorney fees in the amount of $1,350.00 and costs in the amount of $199.00.

WHEREFORE, PFFCU respectfully requests that this Court enter an Order granting relief from the automatic stay pursuant to § 362(d) so that PFFCU may exercise its rights with respect to the Property and granting such other and further relief as appropriate.

DILWORTH PAXSON LLP

Dated: July 6, 2026                    /s/ Michelle Lee
                                       Michelle Lee, Esq.
                                       1650 Market St., Suite 1200
                                       Philadelphia, PA 19103
                                       (215) 887-7700

*Attorneys for Police and Fire Federal Credit Union*